■ In the Matter of Lovell Julie, Respondent, v Ganet N. Wills, Appellant. [899 NYS2d 669]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Feldman, J.), dated September 22, 2008, which, after a hearing, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633 [2010]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010], citing *Eschbach v Eschbach*, 56 NY2d at 171-172). Any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. Therefore, its findings are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Trinagel v Boyar*, 70 AD3d 816 [2010]). Moreover, where domestic violence is alleged, the court must consider the effect of such domestic violence upon the child (*see* Domestic Relations Law § 240 [1]; *Matter of Moreno v Cruz*, 24 AD3d 780, 781 [2005]).

Upon weighing the appropriate factors, the Family Court correctly determined that the best interests of the child would be served by awarding custody to the father (*see Matter of Moreno v Cruz*, 24 AD3d at 781). Although the mother accused the father of being the aggressor in certain altercations they had,

he denied those allegations, and the Family Court resolved the conflicting testimony in favor of the father. On this record, there is no basis to disturb the Family Court's credibility determination (*see Trinagel v Boyar*, 70 AD3d 816 [2010]; *Matter of Moreno v Cruz*, 24 AD3d at 781). Moreover, the mother admitted to certain allegations of her own violent behavior against the father. Evidence of the mother's acts of domestic violence demonstrates that she possesses a character which is "ill-suited to the difficult task of providing her young child with moral and intellectual guidance" (*Matter of Moreno v Cruz*, 24 AD3d at 781; *see Matter of Meyers v Sheehan*, 62 AD3d 802, 803 [2009]). Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.