In the Matter of ROSARIO REYES, Respondent, v BIEN-VENIDO POLANCO, Appellant. (Proceeding No. 1.) In the Matter of BIENVENIDO POLANCO, Appellant, v ROSARIO REYES, Respondent. (Proceeding No. 2.) [922 NYS2d 104]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so

much of an order of the Family Court, Kings County (Feldman, J.H.O.), dated May 3, 2010, as, after a hearing, granted the mother's petition for sole custody of the parties' children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody issues, the most important factor for the court to consider is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Bonilla v Amaya*, 58 AD3d 728, 729 [2009]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *see Haggerty v Haggerty*, 78 AD3d 998, 999 [2010]). Determinations regarding custody are largely dependent upon the assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents and, therefore, such findings of the trial court will not be disturbed if they are supported by a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]; *Haggerty v Haggerty*, 78 AD3d at 999; *Matter of Otero v Nieves*, 77 AD3d 756, 756 [2010]).

Here, there was sound and substantial basis in the record to grant the mother's petition for sole custody of the parties' son and daughter. The evidence at the hearing established that the father had severely alienated the children, especially the son, from the mother.

The mother and father lived together for several years with their two children, among others. The mother left the father in 2008, taking the children with her, and alleging that the father sexually and physically abused her. By mutual arrangement between the mother and father, the father had visitation with the children.

After the father refused to return the son to the mother after a visitation, the mother filed the subject petition. Afterwards, the son repeatedly refused to return to live with the mother, and the daughter would shun the mother when that child returned from visiting the father. Testimony was presented that, during the father's supervised visitation exchanges occurring after this proceeding was commenced, the father made inappropriate statements in the presence of the children about the ongoing litigation, and also made frequent disparaging comments about the mother and her parenting skills. In addition, the evidence established, inter alia, that the father had encouraged the children to falsely accuse their mother of corporal punishment, such as a report by the son to the New York City Administration for Children's Services that he had been thrown

or fell out of a second-story window while in the mother's care. Moreover, the father influenced the children to behave negatively toward the mother, as demonstrated by the son, who challenged the mother's authority at his father's direction. The father also exposed the children to movies containing age-inappropriate images, causing the children to become frightened, and advised his son that there were "old scary people" at the mother's house who eat children.

In light of the foregoing, the Family Court's determination, inter alia, that the mother was more fit to be the custodial parent than the father, and was also more likely to assure meaningful contact between the children and the noncustodial parent, had a sound and substantial basis in the record (*see Bourne v Bristow*, 66 AD3d 621, 621-622 [2009]; *Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *Matter of Raybin v Raybin*, 205 AD2d 918, 921 [1994]; *O'Connor v O'Connor*, 146 AD2d 909, 910 [1989]; *Lohmiller v Lohmiller*, 140 AD2d 497, 498 [1988]; *Daghir v Daghir*, 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982]). Accordingly, the Family Court's determination will not be disturbed on appeal. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.