In the Matter of DON SUPANGKAT, Respondent, v BANELYS TORRES, Appellant. (Proceeding No. 1.) In the Matter of BANELYS TORRES, Appellant, v DON SUPANGKAT, Respondent. (Proceeding No. 2.) [954 NYS2d 915]—

A court deciding an initial petition for child custody must

determine what is in the child's best interests (*see Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011]; *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005]), considering the totality of the circumstances, including, but not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires (*see Matter of Swinson v Brewington*, 84 AD3d at 1253; *Matter of Anson v Anson*, 20 AD3d at 604). Moreover, if domestic violence is proved, the court must consider its effects on the child (*see* Domestic Relations Law § 240 [1]; *Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]; *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Reyes v Polanco*, 83 AD3d 849, 850 [2011]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 842 [2010]).

In this case, the Family Court's award of custody to the father lacked a sound and substantial basis in the record. In particular, the court gave inexplicably little weight to its own findings regarding the father's domestic violence against the mother and his startling lack of judgment on several occasions with respect to the parties' child (*see Matter of Rodriguez v Guerra*, 28 AD3d 775, 777 [2006]). Additionally, it gave undue weight to the mother's temporary housing situation. Under the circumstances presented here, the court should have denied the father's petition for sole custody of the child, and granted the mother's petition for sole custody of the child. The matter must be remitted to the Family Court, Queens County, however, for the court to determine a visitation schedule for the father. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.