■ In the Matter of OLEKSANDR FRANKIV, Appellant, v DIANA KALITKA, Respondent. (Proceeding No. 1.) In the Matter of DIANA KALITKA, Respondent, v OLEKSANDR FRANKIV, Appellant. (Proceeding No. 2.) [963 NYS2d 393]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the

Family Court, Kings County (Krauss, J.), dated January 20, 2012, which, after a hearing, denied his petition for sole custody of the subject child and granted the mother's cross petition for sole custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The paramount concern in any custody determination is the best interests of the child, under the totality of the circumstances (*see Matter of Guzman v Pizarro*, 102 AD3d 964 [2013]; *Vollkommer v Vollkommer*, 101 AD3d 1108 [2012]; *Matter of James M. v Kevin M.*, 99 AD3d 911 [2012]; *Matter of Ross v Morrison*, 98 AD3d 515 [2012]). Since a custody determination necessarily depends to a great extent upon the Family Court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings. The Family Court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Prohaszka v Prohaszka*, 103 AD3d 617, 618 [2013]; *Matter of Guzman v Pizarro*, 102 AD3d 964 [2013]; *Matter of Van Dunk v Bonilla*, 100 AD3d 1008 [2012], *lv denied* 20 NY3d 859 [2013]).

Here, under the totality of the circumstances, the Family Court did not improvidently exercise its discretion in determining that an award of custody to the mother would be in the best interests of the child. The Family Court's determination has a sound and substantial basis in the record, and there is no basis to disturb it.

Contrary to the father's contention, the Family Court did not improperly fail to consider the effect of domestic violence upon the best interests of the child. The court must consider the effect of domestic violence upon the best interests of the child where the allegations of domestic violence are proven by a preponderance of the evidence (*see* Domestic Relations Law § 240 [1] [a]). Here, the court considered the father's allegations and resolved the conflicting testimony in favor of the mother. Accordingly, the father's allegations were not proven by a preponderance of the evidence (*see Matter of Gasby v Chung*, 88 AD3d 709 [2011]; *Pierre-Paul v Boursiquot*, 74 AD3d 935 [2010]; *Matter of Khaykin v Kanayeva*, 47 AD3d 817 [2008]). There is no basis to disturb the court's credibility determination. Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.