In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Sammarco, J.), entered January 5, 2012, which, after a hearing, granted the father’s petition for sole custody of the parties’ children with supervised visitation to the mother, and denied her petition for sole custody of the children.
Ordered that the order is affirmed, without costs or disbursements.
“The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child” (Matter of Julie v Wills, 73 AD3d *716 777, 777 [2010]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The factors a court must consider in deciding an initial petition for child custody are “(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent’s relative fitness, including his or her ability to guide the child, provide for the child’s overall well being, and foster the child’s relationship with the noncustodial parent; and (5) the child’s desires” (Matter of Supangkat v Torres, 101 AD3d 889, 890 [2012]; see Matter of Swinson v Brewington, 84 AD3d 1251, 1253 [2011]; Matter of Anson v Anson, 20 AD3d 603, 604 [2005]). “Moreover, if domestic violence is proved, the court must consider its effects on the child” (Matter of Supangkat v Torres, 101 AD3d at 890; see Domestic Relations Law § 240 [1]; Matter of Andrews v Mouzon, 80 AD3d 761, 762 [2011]; Matter of Julie v Wills, 73 AD3d at 777). Inasmuch as a court’s custody determination is dependent in large part “upon its assessment of the witnesses’ credibility and upon the character, temperament, and sincerity of the parents,” the court’s exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (Matter of Supangkat v Torres, 101 AD3d at 890; see Matter of Reyes v Polanco, 83 AD3d 849, 850 [2011]).
Here, the Family Court correctly found that the mother failed to prove that the father had engaged in domestic violence. The court also gave appropriate weight to the evidence, which showed that the mother had a history of mental illness, coupled with cognitive limitations, and had been hospitalized on at least three occasions, during which time the mother had been unable to care for the parties’ children. Moreover, the mother had never lived alone, and had a history of becoming overwhelmed by the responsibility of caring for the children. Further, while the mother was making progress in managing her illness, there was no testimony to show that the mother could manage the stress of raising the children alone without again needing hospitalization.
Although the father had a history of abusing alcohol, the evidence showed that he had stopped drinking, had completed an alcohol recovery program, and was engaged in activities to manage his stress and prevent a relapse. Further, the supervised visitation between the father and the children had been without incident. Under these circumstances, the Family Court’s determination granting the father’s petition for sole custody of the children with supervised visitation to the mother and denying the mother’s petition for sole custody of the children was supported by a sound and substantial basis in the record (see Mat *717 ter of McKoy v Vatter, 106 AD3d 1090 [2013]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.