In the Matter of MICHAEL PSAROS, Respondent, v ANICA MITCHELL-ORTEGA, Appellant. [8 NYS3d 436]—

Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), dated May 29, 2014. The order, after a hearing, granted the father's petition for physical custody of the subject child, with joint legal custody to both parties.

Ordered that the order is affirmed, without costs or disbursements.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 889-890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (*see Matter of Gooler v Gooler*, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see id.*; *see also Matter of Frankiv v Kalitka*, 105 AD3d 1045, 1046 [2013]).

In this case, the Family Court properly weighed all of the factors in awarding physical custody to the father and did not, as the mother alleges, give undue weight to the opinion of the court-appointed forensic psychologist (*cf. Matter of Supangkat v Torres*, 101 AD3d at 890). The court, after evaluating the testimony, considering the recommendations of a forensic expert, home studies, and the custody investigation, interviewing the child in camera, and considering the position of the attorney for the child, determined that the child's best interests would be served by an order awarding physical custody to the father, with the parties sharing joint legal custody (*see Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]). That determination is supported by the record, and we decline to disturb it (*see id.; Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]). Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.