■ In the Matter of GREGORY KLEIN, Respondent, v ERIKA THEUS, Appellant. (Proceeding No. 1.) In the Matter of ERIKA THEUS, Appellant, v GREGORY KLEIN, Respondent. (Proceeding No. 2.) [39 NYS3d 529]—

Appeal by the mother from an order of the Family Court, Richmond County (Karen Wolff, J.), dated September 3, 2015. The order, after a hearing, granted the father's petition, in effect, for sole custody of the parties' child, and denied the mother's petition for sole custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born in New York City in 2010, and resided with the mother. After the Family Court entered an order of filiation in February 2011, the father regularly visited with the child. In December 2011, with the parties' consent, the court issued an order setting a schedule for the father's

visits (hereinafter the visitation order). The visitation order did not adjudicate the issue of custody.

In October 2013, after learning from the mother's family members that the mother's fiancé had allegedly been abusive toward the child and that the mother intended to move to the State of Washington with the child, the father filed a petition, denominated as one to modify the visitation order, so as to award him sole custody of the child. At that time, the child was residing with the father. The mother then filed a petition for sole custody. With the parties' consent, the Family Court deemed the father's petition to be an initial custody petition, and conducted a hearing on both petitions. After the hearing, the Family Court issued an order granting the father's petition, in effect, for sole custody of the child, and denied the mother's petition for sole custody. The mother appeals from that order.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "[T]he totality of the circumstances . . . includ[es], but [is] not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). "Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (*Matter of Chabotte v Faella*, 77 AD3d 749, 749-750 [2010] [internal quotation marks omitted]; *see Matter of Diaz v Diaz*, 97 AD3d 747, 747 [2012]; *Trinagel v Boyar*, 70 AD3d 816, 816 [2010]).

Here, we see no reason to disturb the Family Court's well-reasoned decision awarding sole custody to the father. The record demonstrates that the father provided a loving and stable home environment, supported the child's emotional and intellectual development, promoted the child's relationship with his mother, was financially able to provide for the child, and had a

strong familial support system full of family members who love the child. On the other hand, the record indicates that the mother, who clearly loves the child, often placed her own interests before those of the child.

Accordingly, the Family Court properly granted the father's petition and denied the mother's petition. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.