In the Matter of CARLOS ALBERTO ESTRADA, Respondent, v OLINDA MIRELLA PALACIOS, Appellant. [50 NYS3d 292]—

Appeal by the mother from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated October 30, 2015. The order, insofar as appealed from, after a fact-finding hearing, awarded the mother and father joint legal custody of their children with residential custody to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father and the mother, who were never married, have two children together. The father filed a petition for custody of both children, and, following a hearing, the Family Court awarded the mother and the father joint legal custody, with residential custody to the father and visitation to the mother. The mother appeals.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (*see Matter of Gooler v Gooler*, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see id.*; *see also Matter of Frankiv v Kalitka*, 105 AD3d 1045, 1046 [2013]).

Here, the Family Court properly weighed all of the factors in awarding the mother and father joint legal custody and awarding residential custody to the father. The court did not, as the mother alleges, give undue weight to the opinion of the court-appointed forensic psychologist (*cf. Matter of Psaros v Mitchell-*

*Ortega*, 128 AD3d 703, 704 [2015]). The court, after evaluating the testimony and considering the recommendations of the forensic expert, determined that the children's best interests would be served by awarding the mother and father joint legal custody and awarding the father residential custody (*see Matter of Andrews v Mouzon*, 80 AD3d 761, 763 [2011]). That determination is supported by the record, and we decline to disturb it (*see id.* at 763; *Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]).

The mother's remaining contentions either are without merit or do not require reversal. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.