In the Matter of MARCUS MURPHY, Respondent, v ELYSSA LEWIS, Appellant. [51 NYS3d 155]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Westchester County (Hal B. Greenwald, J.),

entered October 1, 2015, and (2) an amended order of fact-finding of that court entered October 22, 2015. Both orders granted the father's petition for sole legal and physical custody of the subject child and awarded only supervised visitation to the mother.

Ordered that the appeal from the order of fact-finding entered October 1, 2015, is dismissed, without costs or disbursements, as that order was superseded by the amended order of fact-finding entered October 22, 2015; and it is further,

Ordered that the amended order of fact-finding entered October 22, 2015, is affirmed, without costs or disbursements.

The father and the mother, who were never married, have one child in common. The father petitioned, and the mother cross-petitioned, for custody, and following a hearing, the Family Court awarded sole legal and physical custody to the father and supervised visitation to the mother. The mother appeals.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Nunez v Lasso*, 144 AD3d 689, 689 [2016]; *Matter of Klein v Theus*, 143 AD3d 984, 985 [2016]; *Matter of Julie v Wills*, 73 AD3d 777 [2010]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *see Matter of Nunez v Lasso*, 144 AD3d at 689). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013]; *see Matter of Goodman v Jones*, 146 AD3d 884, 886 [2017]). Here, the Family Court's determination that the child's best interests would be served by awarding the father sole legal and physical custody has a sound and substantial basis in the record, and will not be disturbed (*see Matter of Mc-Pherson v McPherson*, 139 AD3d 953, 954 [2016]; *Matter of Monasterska v Burns*, 121 AD3d 903 [2014]).

Supervised visitation is appropriate only where it is estab-

lished that unsupervised visitation would be detrimental to the child (*see Liverance v Liverance*, 148 AD3d 695 [2d Dept 2017]; *Matter of Mikell v Bermejo*, 139 AD3d 954, 955 [2016]; *Irizarry v Irizarry*, 115 AD3d 913, 914 [2014]). The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see Matter of Gooler v Gooler*, 107 AD3d at 713; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]). Here, the Family Court's determination that the mother's visitation should be supervised was supported by a sound and substantial basis in the record and, thus, will not be disturbed.

The Family Court providently exercised its discretion in declining to conduct an in camera interview of the child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]; *Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011]; *Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006]). Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.