■ In the Matter of ARIEL A. CASTILLO, Appellant, v CYNTHIA MUNIZ, Respondent. (Proceeding No. 1.) In the Matter of CYNTHIA MUNIZ, Respondent, v ARIEL A. CASTILLO, Appellant. (Proceeding No. 2.) [54 NYS3d 711]—

Appeal by the father from an amended order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated January 7, 2016. The amended order, after a hearing, granted the mother's petition for sole physical custody of the parties' younger child.

Ordered that the amended order is affirmed, without costs or disbursements.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses (*see Matter of Gooler v Gooler*, 107 AD3d at 712). The Family Court's custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (*see id.; see also Matter of Frankiv v Kalitka*, 105 AD3d 1045 [2013]).

Here, the Family Court properly weighed all of the factors in awarding sole physical custody of the parties' younger child to the mother. The court, after evaluating the testimony, interviewing the child in camera, and considering the position of the attorney for the child, determined that the child's best interests would be served by an award of sole physical custody to the mother (*see Matter of Andrews v Mouzon*, 80 AD3d 761, 763 [2011]). That determination has a sound and substantial basis in the record, and we decline to disturb it (*see id.* at 763; *Matter of Guzman v Pizarro*, 102 AD3d 964 [2013]). Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.