■ In the Matter of KERI GIBSON, Appellant, v MATTHEW GREENE, Respondent. (Proceeding No. 1.) In the Matter of MAT-THEW GREENE, Respondent, v KERI GIBSON, Appellant. (Proceeding No. 2.) [58 NYS3d 551]—

Appeal by the mother from an order of the Family Court, Kings County (Maria Arias, J.), dated April 29, 2016. The order, after a hearing, awarded the father residential custody of the parties' child and awarded the mother parenting time.

Ordered the order is affirmed, without costs or disbursements.

The mother and the father each filed petitions for custody of their child. After a hearing, the Family Court awarded residential custody to the father and parenting time to the mother, including three weekends per month, and four weeks during the summer. The mother appeals.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and deference is accorded to the Family Court's credibility findings (*see Matter of Frankiv v*

*Kalitka*, 105 AD3d 1045 [2013]). The court's custody and visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see id.*; *Matter of Andrews v Mouzon*, 80 AD3d 761, 763 [2011]).

Here, the Family Court evaluated the testimony, and considered the position of the attorney for the child, in determining that the child's best interests would be served by an award of residential custody of the child to the father, with a parenting time schedule which ensured that both the mother and the father would have quality time with the child when she is not in school. That determination has a sound and substantial basis in the record, and we decline to disturb it (*see Matter of Guzman v Pizarro*, 102 AD3d 964 [2013]; *Matter of Andrews v Mouzon*, 80 AD3d 761 [2011]). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.