■ In the Matter of KENDRICK PENA, Appellant, v ELIZABETH CORDERO, Respondent. (Proceeding No. 1.) In the Matter of ELIZABETH CORDERO, Respondent, v KENDRICK PENA, Appellant. (Proceeding No. 2.) [58 NYS3d 581]—

Appeal by the father from an order of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated March 31, 2016. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was for joint custody of the parties' children and granted the mother's petition for sole legal and physical custody of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of two children, twins born in 2007. The father filed a petition, inter alia, for joint custody of the children. The mother filed a petition for sole legal and physical custody of the children. After a hearing, the Family Court, inter alia, denied that branch of the father's petition which was for joint custody of the children and granted the mother's petition. The father appeals.

The court's paramount concern in any custody dispute is to

determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Klein v Theus*, 143 AD3d 984, 985 [2016]; *Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013]; *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]). Further, "[a]lthough joint custody is encouraged as a voluntary alternative, it is appropriate only in cases where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion" (*Matter of Laura A.K. v Timothy M.*, 204 AD2d 325, 325-326 [1994] [citation and internal quotation marks omitted]). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *Matter of Reyes v Polanco*, 83 AD3d 849, 850 [2011]). Here, the Family Court's determination that the children's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record and will not be disturbed (*see Matter of Murphy v Lewis*, 149 AD3d 748 [2017]; *Matter of Goodman v Jones*, 146 AD3d 884, 886 [2017]; *Matter of McPherson v McPherson*, 139 AD3d 953, 953 [2016]). Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.