Appeal by the mother from an order of the Family Court, Queens County (Mary R. O’Donoghue, J.), dated June 22, 2016. The order, insofar as appealed from, after a fact-finding hearing, granted the father’s petition for custody of the subject child.
 

 Ordered that order is affirmed insofar as appealed from, without costs or disbursements.
 

 “ ‘The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child’ ” (Matter of Gooler v Gooler, 107 AD3d 712, 712 [2013], quoting Matter of Julie v Wills, 73 AD3d 777, 777 [2010]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, “(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent’s relative fitness, including his or her ability to guide the child, provide for the child’s overall well being, and foster the child’s relationship with the noncustodial parent; and (5) the child’s desires” (Matter of Supangkat v Torres, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court’s findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id,.; see also Matter of Frankiv v Kalitka, 105 AD3d 1045 [2013]).
 

 Here, the evidence presented at the hearing established that the mother had been diagnosed by at least two mental health experts as suffering from “Psychotic Disorder NOS” and/or “Personality Disorder NOS with Paranoid and Schizotypal Features,” that the mother refused to obtain appropriate treatment for her serious mental health problems, and that these problems impaired her ability to function appropriately as a custodial parent (see Matter of Angelina L.C. [Michael C.— Patricia H.-C.], 110 AD3d 793, 796 [2013]; Matter of Berkham v Vessia, 63 AD3d 1155, 1156 [2009]; Matter of Berrouet v Greaves, 35 AD3d 460, 461 [2006]). Accordingly, the Family Court’s determination to award custody to the father, which was consistent with the opinion of the court-appointed forensic expert and the position of the attorney for the child, has a sound and substantial basis in the record and will not be disturbed.
 

 Rivera, J.R, Roman, Maltese and LaSalle, JJ., concur.