Appeal from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered July 15, 2016. The order, insofar as appealed from, after a fact-finding hearing, granted the father’s petition, in effect, for sole legal and residential custody of the parties’ child, denied the mother’s cross petition, in effect, for sole legal and residential custody of the parties’ child, and dismissed the mother’s family offense petition.
 

 Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The parties, who never married, are the parents of daughter born in 2015. In July of 2015, the father filed a petition, in effect, for sole legal and residential custody of the daughter, and the mother filed a cross petition, in effect, for sole legal and residential custody of the daughter. The mother also filed a family offense petition, alleging that the father subjected her to harassment in the second degree. The Family Court conducted a fact-finding hearing that included the testimony of both parents, the paternal and maternal grandparents, the paternal aunt, and the maternal uncle. In addition, the court admitted a report from a court-appointed forensic psychiatrist. The court granted the father’s petition, denied the mother’s cross petition, and dismissed the mother’s petition alleging a family offense. The mother appeals.
 

 The court’s paramount concern in any custody determination is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Gooler v Gooler, 107 AD3d 712, 712 [2013]; Matter of Julie v Wills, 73 AD3d 777, 777 [2010]). In determining an initial petition for child custody, the court must consider, among other things, “(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent’s relative fitness, including his or her ability to guide the child, provide for the child’s overall well being, and foster the child’s relationship with the noncustodial parent; and (5) the child’s desires” (Matter of Supangkat v Torres, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and, therefore, deference is accorded to the court’s findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id.; see also Matter of Frankiv v Kalitka, 105 AD3d 1045 [2013]). Here, the record established that the mother had a history of cutting herself when she was a teenager and that the most recent episode of cutting occurred while she was pregnant, that the mother had been diagnosed with “intermittent explosive disorder,” and that although the court-appointed psychiatrist acknowledged that the mother was attending therapy, he still opined that she was emotionally fragile (see Matter of Angelina L.C. [Michael C.— Patricia H.-C.], 110 AD3d 793 [2013]; Matter of Berkham v Vessia, 63 AD3d 1155 [2009]; Matter of Berrouet v Greaves, 35 AD3d 460 [2006]). Consequently, the Family Court’s determination to grant the father’s petition, and to deny the mother’s cross petition, which was consistent with the opinion of the court-appointed forensic expert and the position of the attorney for the child, has a sound and substantial basis in the record and will not be disturbed. Furthermore, the court properly dismissed the mother’s family offense petition because she failed to establish that the father subjected her to harassment in the second degree (see Family Ct Act § 841 [a]; Penal Law § 240.26 [3]; Matter of Alicea v Alfano, 83 AD3d 1054 [2011]; Matter of Hasbrouck v Hasbrouck, 59 AD3d 621 [2009]; Matter of King v Flowers, 13 AD3d 629 [2004]; cf. Matter of Marisela N. v Lacy M.S., 101 AD3d 425 [2012]).
 

 Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.