Matter of Brooks v Hall (2018 NY Slip Op 01052)





Matter of Brooks v Hall


2018 NY Slip Op 01052


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-03842
 (Docket Nos. V-18014-13, V-20107-13)

[*1]In the Matter of Mican Brooks, respondent,
v
Shaniqwa Hall, appellant.


Jennifer Arditi, Maspeth, NY, for appellant.
Anthony Augustus, Jamaica, NY, for respondent.
Thomas R. Villecco, Jericho, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated March 21, 2016. The order, insofar as appealed from, awarded sole legal and physical custody of the parties' child to the father.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2013, the mother and the father each filed petitions for custody of their child. After a hearing, the Family Court awarded sole legal and physical custody of the child to the father. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Gooler v Gooler, 107 AD3d 712; Matter of Julie v Wills, 73 AD3d 777). Inasmuch as a court's custody determination is dependent to a large extent upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Pena v Cordero, 152 AD3d 697, 698; Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Scott v Davidson, 137 AD3d 923, 924; Matter of Manfredo v Manfredo, 53 AD3d 498, 500; Baker v Baker, 66 AD3d 722, 723).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court