Matter of Carr v Thomas (2019 NY Slip Op 01211)





Matter of Carr v Thomas


2019 NY Slip Op 01211


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-13259
 (Docket Nos. V-2893-17, V-3125-17)

[*1]In the Matter of Quinton Carr, appellant-respondent,
v
Armani Thomas, respondent-appellant. (Proceeding No. 1)
In the Matter of Armani Thomas, respondent-appellant,Quinton Carr, appellant-respondent. (Proceeding No. 2)


Daniel E. Lubetsky, Jamaica, NY, for appellant-respondent.
Richard Cardinale, Brooklyn, NY, for respondent-appellant.
Carol L. Kahn, New York, NY, attorney for the child.



DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the father appeals and the mother cross-appeals from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated November 30, 2017. The order, insofar as appealed from, after a hearing, awarded the mother sole legal and physical custody of the parties' child. The order, insofar as cross-appealed from, denied the mother's request for permission to relocate to Florida with the parties' child and awarded the father parental access, inter alia, on alternating weeks.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Gooler v Gooler, 107 AD3d 712, 712; Matter of Julie v Wills, 73 AD3d 777, 777). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Murphy v Lewis, 149 AD3d 748; Matter of Goodman v Jones, 146 AD3d 884, 886; Matter of McPherson v McPherson, 139 AD3d 953, 953).
Further, we agree with the Family Court's determination to deny the mother's request to relocate to Florida with the child. A parent seeking leave to relocate with a child bears the burden of establishing, by a preponderance of the evidence, that the proposed move would be in the child's best interests (see Matter of Francis-Miller v Miller, 111 AD3d 632, 635; Matter of Hirtz v Hirtz, [*2]108 AD3d 712, 713; Rubio v Rubio, 71 AD3d 862, 863). In determining whether relocation is appropriate, the court must consider a number of factors, which include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable [parental access] arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741). In assessing these factors, "no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (id. at 738). However, "the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (id. at 739; see Matter of Francis-Miller v Miller, 111 AD3d at 635; Matter of Hirtz v Hirtz, 108 AD3d at 713). Here, the court's determination that the mother could not relocate to Florida with the child was supported by a sound and substantial basis in the record, as she did not establish by a preponderance of the evidence that the proposed relocation would serve the child's best interests (see Matter of Tropea v Tropea, 87 NY2d at 741; Matter of Rubio v Rubio, 71 AD3d at 863).
The determination of access to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child, and it should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Dennis D. [Justesen], 83 AD3d 700, 702). Here, the Family Court's determination to award the father parental access with the child on alternating weeks from Friday 7:00 p.m. until the following Friday at 7:00 p.m. had a sound and substantial basis in the record and will not be disturbed.
The father's remaining contention is without merit.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court