Verfenstein v Verfenstein (2019 NY Slip Op 02583)





Verfenstein v Verfenstein


2019 NY Slip Op 02583


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-09700
 (Index No. 200103/16)

[*1]Walter Verfenstein, respondent,
v
Xi Verfenstein, appellant.


Law Office of Steven Cohn, P.C., Carle Place, NY (Susan J. Bereche of counsel), for appellant.
Wisselman & Associates, Great Neck, NY (Lloyd C. Rosen and Christine M. Settineri of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the mother appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated August 10, 2017. The order denied the mother's motion for permission to enroll the parties' child in a private school in Manhattan.
ORDERED that the order is affirmed, with costs.
The parties married in 2007, and in 2009 had one child together, who is biracial. The parties separated in 2010, at which time they agreed that the child would live with the mother in Queens. When the child began attending kindergarten, the parties agreed that the child would attend public school near the father's home in Port Washington, and would live in the father's home on weekdays during the academic year.
The father commenced this action for a divorce and ancillary relief in 2016. In August 2016, the mother, who had moved to Manhattan, moved for permission to enroll the child in the United Nations International School (UNIS) in Manhattan, contending that the child's educational and emotional well-being as a biracial child would be better suited by being in an ethnically and cultural diverse academic environment. In October 2016, the parties entered into a so-ordered stipulation in which they agreed to joint legal and physical custody of the child, with parental access as agreed between the parties. The stipulation did not resolve the issue of the child's school enrollment, so the Supreme Court directed a hearing on the mother's motion and ordered a forensic examination of the child. The parties and the child's paternal grandfather testified at the hearing, and the forensic examiner's report was admitted into evidence. The court also conducted an in-camera interview of the child. In an order dated August 10, 2017, the court denied the mother's motion, and the mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Gooler v Gooler, 107 AD3d 712, 712; Matter of Julie v Wills, 73 AD3d 777, 777). Inasmuch as a court's custody determination [*2]is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850).
A multicultural environment "properly [is considered] to be very important for a biracial child" (Matter of Cisse v Graham, 120 AD3d 801, 805, affd 26 NY3d 1103). Here, however, the mother's contention that the child's intellectual and emotional well-being as a biracial child requires moving the child from the Port Washington school district to UNIS is not supported by the evidence. While the mother testified that she had looked into the diversity of the student body population in the Port Washington school district, she conceded that she did not know the percentage of biracial children attending UNIS. No evidence was presented that the child had been denied his biracial identity in the Port Washington school district, or that his status as a biracial child in that school district had hindered his academic or personal development. In addition, the mother conceded at the hearing that she had "no issues" with the Port Washington school district, and that the child had excelled academically at his current school. Accordingly, the Supreme Court's determination that it was not in the best interests of the child to change schools is supported by a sound and substantial basis in the record (see Matter of Davis v Davis, 240 AD2d 928, 929).
The mother's remaining contentions are without merit. The father's remaining contention is improperly raised for the first time on appeal. Accordingly, we agree with the Supreme Court's denial of the mother's motion for permission to enroll the child in UNIS.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court