Matter of Turcios v Cordero (2019 NY Slip Op 04955)





Matter of Turcios v Cordero


2019 NY Slip Op 04955


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-01521
 (Docket Nos. V-5365-16, V-120-17)

[*1]In the Matter of Eligio Turcios, respondent,
v
Elizabeth Cordero, appellant. (Proceeding No. 1)
In the Matter of Elizabeth Cordero, appellant,
v
Eligio Turcios, respondent. (Proceeding No. 2)


Jane M. Bloom, Monticello, NY, for appellant.
Jacobowitz & Gubits, LLP, Walden, NY (Christopher J. Cardinale of counsel), for respondent.
Carl D. Birman, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated January 16, 2018. The order, upon a decision of the same court also dated January 16, 2018, made after a hearing, in effect, granted the father's petition for sole legal and physical custody of the parties' child and awarded the mother certain parental access, and, in effect, denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, who was born in August 2014. Both parties petitioned for sole legal and physical custody of the child. After a hearing at which the parties and two other witnesses testified, the Family Court awarded the father sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Gooler v Gooler, 107 AD3d 712, 712; Matter of Julie v Wills, 73 AD3d 777, 777). Further, "[a]lthough joint custody is encouraged as a voluntary alternative, it is appropriate only in cases where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion" (Matter of Timothy M. v Laura A.K., 204 AD2d 325, 325-326 [citation and internal quotation marks omitted]). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's [*2]custody determination will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Murphy v Lewis, 149 AD3d 748; Matter of Goodman v Jones, 146 AD3d 884, 886; Matter of McPherson v McPherson, 139 AD3d 953, 953). Further, the court's determination as to parental access has a sound and substantial basis in the record and, therefore, will not be disturbed (see Matter of Levingart v Levingart, 147 AD3d 763, 764-765).
The mother's remaining contention is without merit.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court