Matter of Ramsey v Faustin (2020 NY Slip Op 07894)





Matter of Ramsey v Faustin


2020 NY Slip Op 07894


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-11981
 (Docket Nos. V-672-15/17D, V-672-15/18F)

[*1]In the Matter of Tony T. Ramsey, appellant,
v
Regine Faustin, respondent. (Proceeding No. 1.)
In the Matter of Regine Faustin, respondent,
v
Tony T. Ramsey, appellant. (Proceeding No. 2.)


Marjorie G. Adler, Garden City, NY, for appellant.
Jan Murphy, Huntington, NY, for respondent.
Penny S. Slomovitz-Glaser, Holtsville, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated September 20, 2019. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of the same court dated May 30, 2017, so as to award him sole custody of the parties' child and granted the mother's petition to modify the order dated May 30, 2017, so as to award her sole custody of the parties' child.
ORDERED that the order dated September 20, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in 2014. In an order dated November 17, 2015, the Family Court awarded the parties joint legal custody of the child, with residential custody to the mother and parental access to the father. In an order dated May 30, 2017, the court modified the order dated November 17, 2015, so as to award the father parental access with the child each week from Sunday evening to Friday evening, as agreed by the parties. In August 2017, the father filed a petition to modify the order dated May 30, 2017, so as to award him sole custody of the child. In January 2018, the mother filed a petition to modify the order dated May 30, 2017, so as to award her sole custody of the child. After a hearing, the court granted the mother's petition and denied the father's petition. The father appeals.
"To warrant modification of an existing court-sanctioned custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Cisse v Graham, 120 AD3d 801, 801, affd 26 NY3d 1103; see Family Ct Act § 652[a]). Here, as the parties agree, a modification was necessitated by the inability of the parties to continue to participate in joint parenting (see Matter of Shu Jiao Zhao v Wei Rong, [*2]183 AD3d 895, 896).
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 171). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Andrade v Salvador, 160 AD3d 826, 827 [internal quotation marks omitted]; see Matter of Murphy v Lewis, 149 AD3d 748, 749).
"The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record" (Matter of Vaysman v Conroy, 165 AD3d 954, 954-955; see Matter of Andrade v Salvador, 160 AD3d at 827).
Here, the Family Court considered the totality of the circumstances, and its determination to award sole custody of the child to the mother is supported by a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Vaysman v Conroy, 165 AD3d at 955).
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court