Matter of Rennie v Cooks (2021 NY Slip Op 03457)





Matter of Rennie v Cooks


2021 NY Slip Op 03457


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2020-06329
 (Docket Nos. V-05708-18, V-03338-19)

[*1]In the Matter of Richard Rennie, respondent,
v
Tiffany Cooks, appellant. (Proceeding No. 1)
In the Matter of Tiffany Cooks, appellant, v Richard Rennie, respondent. (Proceeding No. 2)


Jacqueline Cabrera, Jamaica, NY, for appellant.
Heath J. Goldstein, Jamaica, NY, for respondent.
Daniel E. Lubetsky, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, J.), dated July 14, 2020. The order, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and, in effect, denied the mother's cross petition for sole legal and residential custody of the child.
ORDERED that order is affirmed, without costs or disbursements.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Pitkanen v Huscher, 167 AD3d 901, 901; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Gooler v Gooler, 107 AD3d 712, 712; Matter of Julie v Wills, 73 AD3d 777, 777). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Murphy v Lewis, 149 AD3d 748, 749; Matter of Goodman v Jones, 146 AD3d 884, 886; Matter of McPherson v McPherson, 139 AD3d 953, 954).
LASALLE, P.J., CHAMBERS, DUFFY, and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court