Matter of Trejo v Pavon (2022 NY Slip Op 02553)

Matter of Trejo v Pavon

2022 NY Slip Op 02553

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2018-08382
 (Docket No. V-2385-14)

[*1]In the Matter of Elvin Trejo, respondent- appellant, 
v
Ingrid Pavon, appellant- respondent.

Joseph H. Nivin, Forest Hills, NY, for appellant-respondent.
Elliot Green, Brooklyn, NY, for respondent-appellant.
Janis A. Parazzelli, Floral Park, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the father cross-appeals, from an order of the Family Court, Queens County (Diane Constanzo, J.), dated May 30, 2018. The order, insofar as appealed from, upon a decision of the same court also dated May 30, 2018, made after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and, in effect, denied the mother's petition for sole legal and residential custody of the child. The order, insofar as cross-appealed from, awarded the mother unsupervised parental access with the child. By decision and order dated June 17, 2020, this Court remitted the matter to the Family Court, Queens County, for a reconstruction hearing with respect to that portion of the proceeding conducted on May 4, 2016, related to the testimony of Isaac Benzaquen, which could not be transcribed because the tape recording was inaudible, and thereafter to report to this Court, and the appeal was held in abeyance in the interim. The Family Court has filed its report.
ORDERED that the order dated May 30, 2018, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The father and the mother each filed a petition seeking sole legal and residential custody of their child. After a hearing that began in 2016 and continued until 2018, the Family Court, in effect, denied the mother's petition for sole legal and residential custody of the child, granted the father's petition for sole legal and residential custody of the child, and awarded the mother unsupervised parental access with the child. The mother appeals, and the father cross-appeals.
"The paramount concern in any custody or [parental access dispute] is the best interests of the child, under the totality of the circumstances" (Agulnick v Agulnick, 189 AD3d 956, 957 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Rennie v Cooks, 195 AD3d 622; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Julie v Wills, 73 AD3d 777, 777). Factors to be considered in determining those best interests include "maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability . . . to provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Tinger [*2]v Tinger, 108 AD3d 569, 569-570 [internal quotation marks omitted]; see Matter of Swinson v Brewington, 84 AD3d 1251, 1253). Moreover, where domestic violence is alleged and such allegations are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the child (see Domestic Relations Law § 240[1][a]; Matter of Julie v Wills, 73 AD3d at 777). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Rennie v Cooks, 195 AD3d 622; Matter of Klein v Theus, 143 AD3d at 985; Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850).
Here, the Family Court's determination that the child's best interests would be served by awarding the father sole legal and residential custody with unsupervised parental access to the mother has a sound and substantial basis in the record, and accordingly we decline to disturb it. The evidence demonstrated that the child, who was 7 years old when the hearing began and 9 years old when it ended, and is now 13 years old, has vociferously expressed his desire to reside with the father, with whom he is deeply bonded, and with whom he has resided since he was approximately 4 years old, while at the same time, having had only limited contact with the mother (see Matter of Luo v Yang, 103 AD3d 636, 637; Matter of Lobo v Muttee, 196 AD2d 585).
BARROS, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court