■ MICHELE SCHWARTZ, Appellant, v JEFFREY SCHWARTZ, Respondent. [895 NYS2d 206]—

In a matrimonial action in which the parties were divorced by judgment dated October 3, 2006, the mother appeals from an order of the Supreme Court, Kings County (Prus, J.), dated August 14, 2009, which granted the father's motion to enjoin her from relocating with the parties' children from Brooklyn to Staten Island.

Ordered that the order is affirmed, with costs.

The parties were married in 1995 and have two children, now 8 and 10 years of age. The parties divorced in 2006, and both continued to reside in Brooklyn Heights, where the children attended school, and where both parties worked.

In accordance with their separation agreement, the parties had joint custody of the children. The children were with the father from 5:00 P.M. every Sunday until Tuesday, when he either dropped them off in the morning at school or camp, or at noon at the mother's home and, on alternate weekends, from 5:00 P.M. on Friday until Tuesday morning or noon. Since the children were with the father every Monday, he dropped them off and picked them up from school on those days. The children were also with the father for approximately one half of their holidays and school recesses. At all other times, the children resided with the mother.

The mother became engaged in 2009, and her then-fiancé, whom she married after the Supreme Court issued the order appealed from, and who has three children, lived in New Jersey. Approximately two months prior to the filing of the motion at issue here, the court denied the mother's motion to move with the parties' children to East Brunswick, New Jersey, in order to live with her fiancé and to be closer to a university in Pennsylvania, where she was offered employment. Soon after, without seeking or obtaining the approval of the court, the mother made a nonrefundable deposit on a house located at the southernmost point of Staten Island, to share with her daughters, her current husband, and the husband's three children, who frequently visited him. The mother allegedly turned down the job offer in Pennsylvania and intended to keep her position in Brooklyn Heights.

The father moved to enjoin the mother from relocating to Staten Island with the children and from removing the children from their current school. After oral argument, the court determined that the mother did not meet her burden of demonstrating that the relocation was in the best interests of the children. The mother appeals and we affirm.

Although the mother did not move the court for permission to relocate, the court heard oral argument on the issue, and determined that her request constituted a request for relocation within the meaning of *Matter of Tropea v Tropea* (87 NY2d 727 [1996]). After weighing the appropriate factors set forth in *Tropea*, the court correctly determined that the mother failed to establish, by a preponderance of the evidence, that the children's best interests would be served by permitting the relocation (*see Tornheim v Tornheim*, 28 AD3d 535, 536 [2006]; *Matter of Reilly v Schmidt*, 295 AD2d 436 [2002]). While each request for relocation must be decided on its own merits, the factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality

of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741; *see Aziz v Aziz*, 8 AD3d 596, 597 [2004]).

Here, it was established that the father had frequent contact with the children, including substantial time during the week. It is of no moment that the proposed relocation was within New York City, or that it was only approximately 20 miles from the mother's current residence. The court is charged with determining each case based on the totality of the circumstances. Here, the difficulties for both the father and the children in maintaining their current quality and quantity of contact while traveling between Brooklyn Heights and the southernmost point on Staten Island, during morning and evening rush hours in New York City traffic, is apparent.

Moreover, as the father persuasively argued, such onerous travel arrangements would likely affect the children's willingness to visit him as frequently as they currently do. Thus, the Supreme Court providently granted the father's motion to enjoin the mother from relocating with the parties' children, where, as here, she was unable to demonstrate that such a relocation was in the children's best interests.

The parties' remaining contentions are without merit. Florio, J.P., Angiolillo, Belen and Hall, JJ., concur.