■ In the Matter of ERIKA HILDEBRANDT, Appellant, v DWAINE PHILMORE ST. ELMO LEE, Respondent. [973 NYS2d 75]—

Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about April 30, 2012, which, after a hearing, denied petitioner mother's application to relocate to Texas with the parties' minor child, and granted respondent father's petition for modification of custody, awarding sole custody of the child to the father with visitation to the mother, unanimously affirmed, without costs.

A sound and substantial basis exists in the record for the court's determination that the child's best interests would be served by denying the mother's relocation application and awarding sole custody to the father with visitation to the mother (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]).

Although the child has indicated a preference to live with the mother, that factor is not "determinative" (*Eschbach*, 56 NY2d at 173). Further, the record shows that the mother and her parents, particularly her father, have engaged in a long-standing pattern of exclusionary behavior and hostility toward the father, thereby making it unlikely that the father-child relationship would be preserved if the mother were permitted to relocate with the child to Texas (*see Matter of Rebecca B.*, 204 AD2d 57, 59 [1st Dept 1994], *lv denied* 84 NY2d 808 [1994]). By contrast, the record shows that the father does not harbor any animosity toward the mother and her family and would help facilitate and maintain the mother's relationship with the child (*see Matter of Damien P.C. v Jennifer H.S.*, 57 AD3d 295, 296 [1st Dept 2008], *lv denied* 12 NY3d 710 [2009]).

Although the evidence shows that the mother's life will be enhanced economically, emotionally, and educationally by the move, the educational benefit to the child, if any, will be minimal.

The court properly rejected the forensic expert's opinion in favor of awarding custody to the mother (*see Matter of John A. v Bridget M.*, 16 AD3d 324, 332 [1st Dept 2005], *lv denied* 5 NY3d 710 [2005]), since his report contained many deficiencies, as noted by an expert peer reviewer. Indeed, the forensic expert failed to consider, among other things, the mother's actions in temporarily leaving the jurisdiction with the child in violation of a court order and permanently moving to Texas without notifying the court, the father or the social worker.

The court properly declined to credit the mother's unsubstantiated allegations of the father's sexual improprieties toward her on several occasions from 2006 to 2009 (*see Eschbach*, 56 NY2d at 173).

We have considered the mother's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.