◼ SARAH K. QUINN, Appellant, v JOSEPH GERARD QUINN, Respondent. [20 NYS3d 427]—

Appeal from an order of the Supreme Court, Suffolk County (Stephen M. Behar, J.), dated October 6, 2014. The order, insofar as appealed from, after a hearing, inter alia, granted the father's motion to enjoin the mother from relocating with the parties' children from the former marital residence in East Hampton to Westhampton Beach, New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

In May 2013, the plaintiff (hereinafter the mother) and the defendant (hereinafter the father) entered into a stipulation of settlement in this matrimonial action. The parties have two children. The parties agreed to joint custody, with the mother to have residential custody of the children, subject to a schedule of joint parenting. That schedule gave the father visitation from 4:00 p.m. to 6:00 p.m. on Mondays, Tuesdays, and Thursdays, from 4:00 p.m. to 7:30 p.m. on Wednesdays, and on alternate weekends.

By order to show cause dated September 3, 2013, the father moved to enjoin the mother from relocating with the children from East Hampton to Westhampton Beach, New York.

The father testified at the ensuing hearing that he normally works from 8:00 a.m. until 4:00 p.m. on weekdays. He testified that it usually took him about five minutes after finishing work to drive to the former marital residence in East Hampton to

pick up the children for visitation. He further testified that, on the night of August 24, 2013, he received an email from the mother stating that she and the children had moved from East Hampton to Westhampton Beach—a distance of about 32 miles. He testified that it takes him 50 minutes to drive from his home in East Hampton to the mother's new home in Westhampton Beach.

The mother testified that she moved because she had voluntarily changed jobs from a bank located in Bridgehampton to a bank located in Medford, and that the move cut 30 minutes off her new commute in each direction. She testified that her total compensation at the new job was comparable to her total compensation at her old job. She further testified that she moved to be closer to her parents in Riverhead. She testified that the children saw her parents about twice a month when they lived in the former marital residence in East Hampton, and about once a week after the move to Westhampton Beach.

In the order appealed from, the Supreme Court, inter alia, granted the father's motion to enjoin the mother's relocation. The mother appeals.

A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (see Matter of Francis-Miller v Miller, 111 AD3d 632, 635 [2013]; Matter of Hirtz v Hirtz, 108 AD3d 712, 713 [2013]; Rubio v Rubio, 71 AD3d 862, 863 [2010]). The factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).

Here, the mother's move from East Hampton to Westhampton Beach significantly limited the father's contact with the children. By lengthening the father's commute from a few minutes to almost an hour, the move effectively cut the father's weekday visitation in half. The mother also failed to demonstrate, by a preponderance of the evidence, that the children's lives would be enhanced economically, emotionally, or educationally by the move (see id. at 740-741). Thus, the Supreme Court properly

granted the father's motion to enjoin the mother from relocating to Westhampton Beach (*see Schwartz v Schwartz*, 70 AD3d 923, 925 [2010]; *Petroski v Petroski*, 24 AD3d 1295, 1296 [2005]; *cf. Matter of DeCillis v DeCillis*, 128 AD3d 818, 820 [2015]).

The mother's remaining contention is without merit. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.