■ In the Matter of Patricia A. Adegbenle, Appellant, v Jason I. Perez, Respondent. [24 NYS3d 357]—

Appeal from an order of the Family Court, Kings County (Leticia M. Ramirez, J.), dated October 31, 2014. The order, after a hearing, denied the mother's motion to relocate with the subject children to Maryland, granted the father's petition for custody of the subject children, and, in effect, denied the mother's petition for custody of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

The parties have two children in common (hereinafter together the subject children). The mother also has a younger child by a different father with whom the mother resides. In June 2013, the father of the subject children filed a petition in the Family Court, Kings County, for joint legal custody of the subject children and a temporary order preventing the mother from removing the subject children from New York without court permission. The father alleged that the mother had informed him that she was planning to relocate with the subject children to Maryland with the father of her youngest child. The father also alleged that the mother and the subject children had been living with the mother's parents in Nassau County, that the father previously had custody of the subject children and was a part of their lives, and that the relocation

would negatively disrupt his relationship with the subject children. The court issued an interim order directing the subject children not to be removed from the jurisdiction of the court pending a final determination.

Thereafter, the mother filed a petition in the Family Court, Nassau County, for custody of the subject children. The father cross-moved for custody in that court and the proceeding was then transferred to the Family Court, Kings County, to be consolidated with the custody proceeding commenced by the father. In August 2013, the mother filed a motion to relocate with the subject children to Maryland and requested an immediate hearing on the matter in advance of the next scheduled court date.

The Family Court conducted a hearing that commenced in September 2013 and concluded in August 2014. Over those several months, more than six days of testimony was presented from the mother, father, and maternal grandmother. Additionally, the court conducted in camera interviews with each subject child.

Shortly after the hearing commenced, the mother relocated to Maryland to begin a new job. The Family Court issued a temporary order, on consent, directing the children to continue to reside with the maternal grandparents in Nassau County while the hearing was pending. Sometime thereafter, the maternal grandmother determined that she no longer wanted the subject children to live with her and the court issued a temporary order directing the subject children to reside with the father.

At the conclusion of the hearing in August 2014, the Family Court denied the mother's motion to relocate and scheduled a hearing on the parties' competing petitions for custody of the children. Thereafter, the mother stipulated that she would not return to New York, having already relocated to Maryland. The Family Court then adopted the testimony adduced at the relocation hearing and issued a final order of custody to the father and a final order of visitation to the mother, granting the father's petition and, in effect, denying the mother's petition. The mother appeals.

There is no reason to disturb the determination of the Family Court denying the mother's motion to relocate, granting the father's petition for custody, and, in effect, denying the mother's petition for custody, as it has a sound and substantial basis in the record (*see Matter of Wright v Stewart*, 131 AD3d 1256, 1257 [2015]; *Matter of Hildebrandt v St. Elmo Lee*, 110 AD3d 491, 492 [2013]).

With respect to the relocation, the mother failed to demonstrate, by a preponderance of the evidence, that the children's lives would be "enhanced economically, emotionally and educationally by the move" (*Quinn v Quinn*, 134 AD3d 688, 689 [2015]; *see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Hirtz v Hirtz*, 108 AD3d 712, 714 [2013]). The Family Court expressly determined that both parties had a loving and good relationship with the subject children, but found the mother to be evasive, antagonistic, and wholly incredible. The court found that the mother presented scant evidence that a move to Maryland would benefit the subject children. The court also noted that, during one of the proceedings, the mother had stormed out of the court shouting curses at the court and expressed palpable disdain for the father. The court determined that the mother's actions, which included sending expletive-filled text messages to the father threatening the father and his family, belied her contention that she would maintain a working relationship with the father if the subject children were allowed to relocate. In contrast, the court found that the father was forthcoming and truthful, demonstrated no hostility toward the mother, and maintained a cordial temperament.

"In our review of the Family Court's determination, we accord considerable deference to the court's assessment of the parties, inasmuch as the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility" (*Matter of Wright v Stewart*, 131 AD3d 1256, 1257 [2015]). We decline to disturb the court's denial of the mother's petition to relocate with the subject children.

The record also provides a sound and substantial basis for the Family Court's determination to grant the father's petition for custody and to, in effect, deny the mother's petition for custody. The mother's relocation was one factor for the court to consider in determining the children's best interests (*Matter of Wright v Stewart*, 131 AD3d at 1257; *Matter of Santano v Cezair*, 106 AD3d 1097, 1098 [2013]). In addition, the court determined that the father was more likely than the mother to preserve the relationship between the non-custodial parent and the children (*see Matter of Hildebrandt v St. Elmo Lee*, 110 AD3d at 492). We note that the attorney for the subject children also supports the court's determination to deny relocation and grant custody of the subject children to the father (*see Matter of Hirtz*, 108 AD3d at 714).

As the Family Court's determination is supported by a sound and substantial basis in the record, we must affirm the order

appealed from. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.