■ In the Matter of TYRONE GADSDEN, Respondent, v JENNIFER GADSDEN, Appellant. (Proceeding No. 1.) In the Matter of JENNIFER GADSDEN, Appellant, v TYRONE GADSDEN, Respondent. (Proceeding No. 2.) [42 NYS3d 58]—

Appeals by the mother from (1) a decision of the Family Court, Dutchess County (Joan S. Posner, J.), dated October 9, 2015, and (2) an order of that court, also dated October 9, 2015. The order, insofar as appealed from, upon the decision made after a hearing, granted that branch of the father's amended petition which was for physical custody of the subject children and, in effect, denied the mother's petition for physical custody of the subject children and to relocate with the subject children to Florida.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the married parents of three children, born in 2001, 2003, and 2009, respectively. In 2011, the mother moved to Florida with the two younger children, and the oldest child remained in New York with the father. In August 2013, the two younger children returned to New York to reside with the father. Although the mother came back to New York to live with the father and the children in November 2013, she returned alone to Florida in February 2014. In April 2014, the father filed a petition for custody of the children. In October 2014, the mother filed a petition for physical custody of the children and to relocate with them to Florida. After a hearing, the Family Court awarded the parties joint legal custody, with physical custody to the father. The mother appeals.

In adjudicating custody and visitation rights, the essential consideration is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that

court's findings are generally accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013] [citations omitted]; *see Matter of McVey v Barnett*, 107 AD3d 808, 809 [2013]).

In the context of an initial custody determination, the strict application of the factors relevant to relocation petitions (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]) is not required (*see Matter of Yu Chao Tan v Hong Shan Kuang*, 136 AD3d 933, 934 [2016]; *Matter of Wood v Rago*, 135 AD3d 949, 950 [2016]). Instead, the proposed relocation is but one factor for the Family Court to consider in determining what is in the children's best interests (*see Matter of Adegbenle v Perez*, 135 AD3d 857, 859 [2016]; *Matter of Wright v Stewart*, 131 AD3d 1256, 1257 [2015]).

We see no reason to disturb the Family Court's well-reasoned determination to award physical custody to the father. The father has been actively involved in the children's education and daily lives and is in the best position to provide for their emotional and intellectual development. Moreover, the mother failed to establish how the proposed relocation would be in the children's best interests. Accordingly, the court's determination is supported by a sound and substantial basis in the record. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.