■ In the Matter of KEITH GOODMAN, Respondent, v DANIELLE MARIANO JONES, Appellant. [45 NYS3d 192]—

Appeal by the mother from an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated May 8, 2015. The order, after a hearing, granted the father's petition for custody of the subject child and, in effect, denied the mother's amended petition for custody of the child and to relocate with the child to Mississippi.

Ordered that the order is affirmed, without costs or disbursements.

The father and the mother, who never married, have one child in common, born in 2012. The parties had been living together but separated in March 2014, and the father left the family home. Approximately one week later, he filed a petition for custody of the child. At about the same time, the mother left New York and moved to Mississippi with the child without informing the father. Following a court order, the child was returned to New York and the father was granted temporary custody pending determination of his petition. The mother then filed a petition for custody of the child, and subsequently amended the petition to include a request to relocate with the child to Mississippi. After a hearing, the Family Court awarded the father sole custody of the child with visitation to the mother and, in effect, denied the mother's amended petition. The mother appeals.

In making an initial custody or visitation determination, the Family Court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Saravia v Godzieba*, 120 AD3d 821 [2014]; *cf.* Domestic Relations Law § 70 [a]; Family Ct Act § 651 [b]). In determining the child's best interests, the court should consider a number of factors, including the relative fitness of the parents, the quality of the respective home environments, the quality of parental guidance, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Eschbach v Eschbach*, 56 NY2d at 172-173; *Matter of Elliott v Felder*, 69 AD3d 623 [2010]; *Miller v Pipia*, 297 AD2d 362, 364 [2002]). Willful interference with the other parent's right to visitation, such as when a parent absconds with the child, is "an act so inconsistent with the best interests of the [child] as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (*Entwistle v Entwistle*, 61 AD2d 380, 384-385 [1978]; *see Matter of Pettiford v Clarke*, 133 AD3d 666, 667 [2015]; *Matter of Joosten v Joosten*, 282 AD2d 748, 748 [2001]; *Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999]). In addition, in the context of an initial custody determination, a proposed relocation is one factor for the court to consider in determining what is in the child's best interests (*see Matter of Gadsden v Gadsden*, 144 AD3d 1035 [2016]; *Matter of Adegbenle v Perez*, 135 AD3d 857, 859 [2016]; *Matter of Wright v Stewart*, 131 AD3d 1256, 1257 [2015]).

Since a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013]; *Matter of Conforti v Conforti*, 46 AD3d 877 [2007]). Here, the Family Court's determination that the child's best interests would be served by awarding the father sole custody has a sound and substantial basis in the record and should not be disturbed. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.