■ DAVID LIPARI, Respondent, v CARA LIPARI, Appellant. [45 NYS3d 196]—

Appeal by the defendant from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 28, 2016. The order, after a hearing, granted the plaintiff's motion to enjoin the defendant from relocating with the parties' children from the former marital residence in Valley Cottage, New York, to Rye, New York.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement that was incorporated, but not merged, into their judgment of divorce, in which they agreed to joint legal custody of their two children, with the defendant (hereinafter the mother) having primary residential custody, and the plaintiff (hereinafter the father) having overnight visitation on alternating weekends from Friday after school until Sunday at 7:00 p.m. The father was also entitled to certain overnight visitation with the children during each week and during certain school breaks and holidays. The parties agreed that the mother would have exclusive use and occupancy of the former marital residence, which was a four-bedroom house located in Valley Cottage, Rockland County. Thereafter, the father rented a two-bedroom condominium unit in Valley Cottage, located approximately five minutes away from the former marital residence.

Upon being advised by the mother that she intended to move to Rye in Westchester County, the father moved to enjoin the mother from relocating there with the children. At a hearing on the issue of relocation, the father testified that he picked up the children from school every day, even when he did not have scheduled visitation, and cared for them until the mother picked them up or while they spent the night at his home for overnight visitation. The father testified that he coached many of the children's sports teams and attended their other extracurricular activities, that he was "very close" with his children and involved in their daily lives since they were born, and that, if the mother relocated to Rye with the children, the amount of time he would be able to spend with them "would be decreased tremendously." The father testified that he works at various locations in New Jersey, and that he would be unable to maintain the same level of involvement in his children's lives due to the increased commuting time to Rye.

The mother testified that she wished to move to Rye because it would reduce her commute to work as a teacher librarian for the Rye City School District. Based on her work experience, she also believed that the Rye school district was "a lot better" than the Nyack school district, where the children currently attend school, and that she could save money by moving to an apartment in Rye.

The Supreme Court granted the father's motion to enjoin the mother from relocating with the children from Valley Cottage to Rye. The mother appeals.

Generally, a "parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (*Quinn v Quinn*, 134 AD3d 688, 689 [2015]; *see Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]). The factors to be considered "include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]).

The mother contends that her proposed move from Valley Cottage to Rye, a distance of 17 miles, does not constitute a "relocation" that requires an analysis of the best interests of the child and the factors enunciated in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]). This contention is without merit. "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d at 739). Courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (*id.* at 740), and the distance of the mother's proposed move is just one such factor (*see e.g. Quinn v Quinn*, 134 AD3d 688 [2015]; *Schwartz v Schwartz*, 70 AD3d 923, 924 [2010]). "[N]o single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (*Matter of Tropea v Tropea*, 87 NY2d at 738). "[T]he impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (*id.* at 739).

Here, the evidence at the hearing established that the proposed move would significantly impact the father's relationship with the children. The father had frequent contact with the children, including substantial time during the week. The record demonstrates that the quality and quantity of the father's contact with the children during the week would be substantially impaired due to the demands of his work and the rush-hour commute to pick up and drop off the children in Rye. Moreover, the mother failed to demonstrate, by a preponderance of the evidence, that the children's lives would be enhanced economically, emotionally, or educationally by the move, such that the proposed relocation would be in the children's best interests (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Quinn v Quinn, 134 AD3d at 689; Schwartz v Schwartz, 70 AD3d at 925).

The mother's remaining contentions are based upon matters dehors the record or not properly before this Court (see Matter of Lombardi v Valenti, 120 AD3d 817, 819 [2014]).

Accordingly, the Supreme Court properly granted the father's motion to enjoin the mother from relocating to Rye. Hall, J.P., Cohen, Duffy and Connolly, JJ., concur.