Matter of Mrsic v Kwak Yen Kwan (2018 NY Slip Op 08937)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Mrsic v Kwak Yen Kwan

2018 NY Slip Op 08937

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-01083
(Docket Nos. V-27460-09, V-27461-09, V-27961-09, V-27962-09)

[*1]In the Matter of Samira Mrsic, appellant-respondent,
vKwak Yen Kwan, respondent-appellant. (Proceeding No. 1)
In the Matter of Kwak Yen Kwan, respondent-appellant, v Samira Mrsic, appellant-respondent. (Proceeding No. 2)

Austin I. Idehen, Jamaica, NY, for appellant-respondent.
David Zaslavsky, New York, NY, for respondent-appellant.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the father cross-appeals, from an amended order of the Family Court, Kings County (Leticia M. Ramirez, J.), dated December 15, 2016. The amended order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was for permission to relocate with the parties' children to Florida. The amended order, insofar as cross-appealed from, after the hearing, granted that branch of the mother's petition which was for sole custody of the parties' children and denied the father's petition for sole custody. The notices of appeal and cross appeal from an order dated December 9, 2016, are deemed to be notices of appeal and cross appeal from the amended order dated December 15, 2016 (see CPLR 5512[a]).
ORDERED that the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties, who were never married, are the parents of twins born in 2007. Since the parties separated, the children have resided with the mother, with the father availing himself of parental access. The mother filed a petition seeking sole custody of the children as well as permission to relocate with them to Florida, and the father filed a petition seeking sole custody. After a hearing, the Family Court granted that branch of the mother's petition which was for sole custody, denied that branch of the mother's petition which was for permission to relocate with the children to Florida, and denied the father's petition for sole custody. The mother appeals, and the father cross-appeals.
The record supports the Family Court's determination that it was in the best interests [*2]of the children to remain in the custody of their mother, who was their primary caregiver. The record also supports the court's determination that the mother did not meet her burden of establishing by a preponderance of the evidence that the proposed move to Florida would be in the children's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741; Quinn v Quinn, 134 AD3d 688, 689). The father took advantage of his parental access rights, forming a bond with the children which would be impaired by the move.
Accordingly, the determination of the Family Court has a sound and substantial basis in the record, and will not be disturbed (see Matter of Woodson v Woodson, 163 AD3d 833).
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court