Matter of Velez v Chandiramani (2020 NY Slip Op 02799)





Matter of Velez v Chandiramani


2020 NY Slip Op 02799


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-06750
 (Docket Nos. V-21963-17, V-22588-17)

[*1]In the Matter of Christina Velez, appellant,
v
Dinesh Chandiramani, respondent. (Proceeding No.1)
In the Matter of Dinesh Chandiramani, respondent,
v
Christina Velez, appellant. (Proceeding No. 2)


Hector L. Santiago, Kew Gardens, NY, for appellant.
Khari Peter Prescod, New York, NY, for respondent.
Lisa A. Manfro, Glen Cove, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), dated May 15, 2019. The order, after a hearing, in effect, granted the father's petition for sole legal and physical custody of the parties' child, and, in effect, denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, who was born in 2014. After cohabiting for several years, during which time the parties had physical altercations which led to the filing of family offense petitions and the issuance of at least one order of protection against the mother, the parties ceased cohabiting and both parties petitioned for sole legal and physical custody of the child. Following a hearing, the Family Court issued an order dated May 15, 2019, awarding sole legal and physical custody of the child to the father, and setting forth a schedule of parental access for the mother. The mother appeals.
The paramount concern in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). Among the factors to be considered in determining the best interests of the child are the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Matter of Golban v Zalmanov, 178 AD3d 1037; Matter of Ledbetter v Singer, 178 AD3d 707; Matter of Nieves v Nieves, 176 AD3d 824). " The existence or absence of any one factor in determining custody cannot be determinative on [*2]appellate review since the court is to consider the totality of the circumstances'" (Matter of Nieves v Nieves, 176 AD3d at 826, quoting Matter of Cooper v Nicholson, 167 AD3d 602, 604; see Matter of Alonso v Perdue, 163 AD3d 658; Matter of Jackson v Jackson, 157 AD3d 694). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the Family Court's credibility findings, and the court's credibility findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Shisgal v Abels, 179 AD3d 1070; Matter of Ruiz v Carie, 179 AD3d 1069; Matter of Pritchard v Coelho, 177 AD3d 887).
Contrary to the mother's contention, the Family Court did not err in awarding sole legal and physical custody of the child to the father. The court credited the father's testimony and found, based on its consideration of the totality of the circumstances, that he was the more stable parent and that awarding custody to him was in the child's best interests. There is no basis to disturb that determination, which has a sound and substantial basis in the record. Contrary to the mother's contention, the court did not err in failing to award joint custody, as the parties are antagonistic toward each other and have demonstrated an inability to cooperate on matters concerning the child (see Matter of Zall v Theiss, 144 AD3d 831; Martin v Martin, 139 AD3d 916; Matter of Florio v Niven, 123 AD3d 708).
The mother's remaining contentions are unpreserved for appellate review or without merit.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court