Matter of Dawn S. v Michael L. Y. (2020 NY Slip Op 03289)





Matter of Dawn S. v Michael L. Y.


2020 NY Slip Op 03289


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11646 -6645 -13 -13 -13/15A -13/16B -13/16A -13/16A V32171/13

[*1] In re Dawn S., Petitioner-Appellant,
 v
Michael L. Y., Respondent-Respondent.
In re Michael L. Y., Petitioner-Appellant,
v
Dawn S. Respondent-Respondent.


Alexander M. Dudelson, Brooklyn, appellant/respondent.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), for respondent/appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about May 24, 2018, which, after a hearing, awarded sole legal and physical custody of the subject children to respondent father with visitation to petitioner mother, unanimously affirmed, without costs.
The court providently exercised its discretion in awarding the father sole legal and primary residential custody of the children, awarding the mother parenting time with the children on weekends and a mid-week overnight, and awarding the parties equal amounts of vacation and holiday time with the children. The court's determination was based upon an extensive assessment of the parties' testimony and credibility, and has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173—174 [1982]). The children had spent approximately equal amounts of time with both parents from birth, and both parents were loving and provided appropriate housing for the children, but the father was actively involved with the children's schooling and had been active in their medical and daily care, adequately addressing their needs (see Matter of Charmaine L. v. Kenneth D., 76 AD3d 910 [1st Dept 2010], lv denied 16 NY3d 702 [2011]).
While the mother has many positive parenting skills, she exhibited poor judgment when she made the unilateral decision to remove one of the children from his school and enroll him in a different school without notice to the father. The court was in the best position to assess credibility in determining that the mother had sometimes allowed her boyfriend to discipline the children in an inappropriate manner.
The court considered the appropriate factors when it granted the father sole legal and primary residential custody, and, under the circumstances of this case, determined that the forensic expert's conclusions and recommendations, issued more than two years prior to the completion of trial, were unsupported by the record (see Matter of Hildebrandt v St. Elmo Lee, 110 AD3d 491, 492 [1st Dept 2013]; Matter of Castellano v England, 275 AD2d 412 [2d Dept 2000]).
Furthermore, the court's determination with respect to the mother's visitation was in the best interests of the children (see Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK