Matter of Martinez v Flores (2020 NY Slip Op 07891)





Matter of Martinez v Flores


2020 NY Slip Op 07891


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-10908
2019-12192
 (Docket Nos. V-8396-17, V-9803-17)

[*1]In the Matter of Rosa Martinez, appellant,
v
Andres Flores, respondent. (Proceeding No. 1.)
In the Matter of Andres Flores, respondent,
v
Rosa Martinez, appellant. (Proceeding No. 2.)


Robert J. Marinelli, New York, NY, for appellant.
Cedeno Law Group, PLLC, New York, NY (Anna Feldberg of counsel), for respondent.
Jacqueline Cabrera, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Queens County (Mildred T. Negron, J.), both dated August 6, 2019. The first order, after a hearing, inter alia, granted the father's petition for custody of the parties' child. The second order, after the hearing, dismissed the mother's petition for custody of the parties' child.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties have one child together, born in 2010. After their relationship ended, the mother filed a petition for custody dated April 25, 2017, and the father filed a petition for custody dated May 10, 2017. After a hearing, the Family Court, in an order dated August 6, 2019, inter alia, awarded the father physical and legal custody of the child, set forth a parental access schedule for the mother, and directed the father to consult with the mother regarding major medical and educational decisions, with final decision-making authority to the father. In a separate order, also dated August 6, 2019, the court dismissed the mother's petition. The mother appeals from both orders.
"When determining custody cases, the primary concern is the best interests of the child" (Matter of Alonso v Perdue, 163 AD3d 658, 659 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). In making this determination, the factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the [*2]relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Eschbach v Eschbach, 56 NY2d at 171-173; Matter of Velez v Chandiramani, 183 AD3d 752, 753). However, "[t]he existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Cooper v Nicholson, 167 AD3d 602, 604). "Since custody determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the hearing court's determination should not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Sahadath v Andaverde, 145 AD3d 731, 732).
Here, contrary to the mother's contention, the Family Court's determination to grant the father's custody petition and to dismiss her custody petition is supported by a sound and substantial basis in the record. Accordingly, we affirm the orders appealed from.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court