Lvovsky v Lvovsky (2022 NY Slip Op 00377)





Lvovsky v Lvovsky


2022 NY Slip Op 00377


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 300055/14 Appeal No. 15138 Case No. 2020-03208 

[*1]Anna Lvovsky, Plaintiff-Respondent,
v
Gennady Lvovsky, Defendant-Appellant.


Sol Kodsi, New York, for appellant.
The Wallack Firm, P.C., New York (Michael Belmont of counsel), for respondent.



Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered January 28, 2020, which, after a custody trial, awarded plaintiff mother sole legal and physical custody of the children with permission to relocate to Ottawa, Canada, unanimously affirmed, without costs.
The award of sole custody of the children to the mother has a sound and substantial basis (see Matter of Salena S. v Ahmad G., 152 AD3d 162 [1st Dept 2017]). Upon consideration of the relevant factors, the court properly concluded that the children's best interests would be served by remaining with the mother, who had acted as their primary caretaker since commencement of the action in 2014 and made all major decisions pertaining to the children's education, health, and care (see generally Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]). Contrary to the father's contention, the court-appointed forensic evaluator's opinion that the father should have "significant amounts of time" with the children was not determinative of the parties' dispute. We note that the expert's conclusions were issued over three years before the court's custody order (see Matter of Dawn S. v Michael L. Y., 184 AD3d 462, 463 [1st Dept 2020]). After the forensic expert's report was issued, defendant's conduct prompted the court to order that his access with the children be supervised, and he was held in contempt and incarcerated for his failure to comply with his pendente lite support obligations.
The court properly weighed relocation as a factor in the children's best interests, and we find no basis to disturb its credibility determinations (see Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 [1st Dept 2016]). The mother testified that the children's quality of life would significantly improve if they moved to Ottawa, Canada, where she would have greater job opportunities, as well as the financial and emotional support of her parents, with whom the children have a close relationship. Moreover, the court properly considered the father's failure to pay pendente lite support as a factor in favor of granting the mother's application for relocation (see Matter of Nairen McI. v Cindy J., 137 AD3d 694, 695 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022