Matter of Squillini v Tomasovich (2023 NY Slip Op 01009)

Matter of Squillini v Tomasovich

2023 NY Slip Op 01009

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-03054
 (Docket Nos. V-1232-20, V-2709-20)

[*1]In the Matter of Justin Squillini, respondent,
v
Tara Tomasovich, appellant. (Proceeding No. 1)
In the Matter of Tara N. Tomasovich, appellant,
v Justin R. Squillini, respondent. (Proceeding No. 2)

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Strauss Kallus Dumais PLLC, Goshen, NY (Barbara J. Strauss of counsel), for respondent.
Donald M. Card, Jr., Shelter Island, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered March 16, 2022. The order, insofar as appealed from, after a hearing, in effect, granted that branch of the father's petition which was for sole physical custody of the parties' child, and denied those branches of the mother's petition which were for sole physical custody of the child and, in effect, for permission to relocate with the child to Arizona.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties married in 2017 and have one child together, born in October 2018. The parties separated in November 2019, and in 2020, each party filed a petition seeking custody of the child. The mother also, in effect, requested permission to relocate with the child to Arizona. After a hearing, the Family Court, inter alia, awarded sole physical custody of the child to the father and, in effect, denied those branches of the mother's petition which were for sole physical custody of the child and, in effect, for permission to relocate with the child to Arizona. The mother appeals.
"The paramount concern in any custody dispute is the best interests of the child" (Matter of Velez v Chandiramani, 183 AD3d 752, 753; see Matter of Martinez v Flores, 189 AD3d 1414, 1414). That inquiry requires an evaluation of various factors, including the parents' past performance, fitness, ability to maintain a stable home environment, and respective willingness to [*2]foster a positive relationship between the child and the other parent (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Goodman v Jones, 146 AD3d 884, 885). "[T]he existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Martinez v Flores, 189 AD3d at 1415 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171, 174). As any determination with regard to custody turns in large part on the assessment of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Martinez v Flores, 189 AD3d at 1415; Matter of Goodman v Jones, 146 AD3d at 886).
"A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Quinn v Quinn, 134 AD3d 688, 689; see Matter of Francis-Miller v Miller, 111 AD3d 632, 635). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d 727, 740). In the context of an initial custody determination, however, the strict application of the factors relevant to a relocation petition is not required (see Matter of Lawrence v Mattry, 179 AD3d 687, 687-688; Matter of Goodman v Jones, 146 AD3d at 885).
Here, the Family Court was able to observe the demeanor and to assess the credibility of the parties during the hearing. Based on our review of the record, the court's determination that the child's best interests would be served by awarding sole physical custody to the father has a sound and substantial basis in the record, and will not be disturbed (see Matter of Velez v Chandiramani, 183 AD3d at 754; Cervera v Bressler, 90 AD3d 803, 805-806; Matter of Brass v Otero, 40 AD3d 752, 752-753). "Moreover, the court's determination was supported by the recommendation of [a] court-appointed forensic expert which, while not determinative, is entitled to some weight" (Matter of Golban v Zalmanov, 178 AD3d 1037, 1039, citing Matter of Dante v Dante, 170 AD3d 829, 831).
The mother's remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court