Matter of Mackey v Reaves (2026 NY Slip Op 00777)

Matter of Mackey v Reaves

2026 NY Slip Op 00777

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-10642
 (Docket Nos. V-16702-23, V-18471-23)

[*1]In the Matter of Adelaide Mackey, appellant,
vJerome Reaves, respondent. (Proceeding No. 1.)
In the Matter of Jerome Reaves, respondent,Adelaide Mackey, appellant. (Proceeding No. 2.)

Catherine S. Bridge, Staten Island, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Caterina De Peralta, Ct. Atty. Ref.), dated October 1, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for sole physical custody of the parties' child and denied those branches of the mother's petition which were for sole physical custody of the parties' child and for permission to relocate with the parties' child to Maryland.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2015. In September 2023, the father commenced a proceeding, inter alia, for sole physical custody of the child. In October 2023, the mother commenced a separate proceeding, among other things, for sole physical custody of the child and for permission to relocate with the child to Maryland. After a hearing, in an order dated October 1, 2024, the Family Court, inter alia, granted that branch of the father's petition which was for sole physical custody of the child and denied those branches of the mother's petition which were for sole physical custody of the child and for permission to relocate with the child to Maryland. The mother appeals.
"The paramount consideration in any custody dispute is the best interests of the child" (Matter of Pacheco v Maldonado, 221 AD3d 822, 822 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "The determination of the child's best interests is to be made based on all the relevant circumstances" (Matter of Chung v Toppin, 209 AD3d 647, 648 [internal quotation marks omitted]). "In determining the child's best interests, the court must [*2]consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 172-173). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bristow v Patrice, 221 AD3d 684, 685).
"'A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Squillini v Tomasovich, 213 AD3d 943, 944, quoting Quinn v Quinn, 134 AD3d 688, 689). "In determining whether a proposed move is in a child's best interests, courts are 'free to consider and give appropriate weight to all of the factors that may be relevant to the determination'" (id., quoting Matter of Tropea v Tropea, 87 NY2d 727, 740). "In the context of an initial custody determination, however, the strict application of the factors relevant to a relocation petition is not required" (id. at 945; see Joseph P.A. v Martha A., 237 AD3d 1146, 1147).
Contrary to the mother's contention, the Family Court's determination that an award of sole physical custody of the child to the father was in the child's best interests has a sound and substantial basis in the record. The record established, inter alia, that since his birth the eight-year-old child lived with the father and the paternal grandmother in a stable home where the child's special needs had been met and that the father facilitated regular contact between the child and the mother since the mother relocated to Maryland (see Matter of Martinez v Toole, 239 AD3d 855, 857; Matter of Paisley v Moonsammy, 213 AD3d 941, 942).
Accordingly, the Family Court properly granted that branch of the father's petition which was for sole physical custody of the child and denied those branches of the mother's petition which were for sole physical custody of the child and for permission to relocate with the child to Maryland.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court