Matter of Rinaldi v Mullen

2026 NY Slip Op 02120

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jaclyn Annette Rinaldi, respondent,

v

Terence C. Mullen, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-03139, (Docket Nos. V-9162-18/22N, V-09163-18/22M)

Colleen D. Duffy, J.P.

Linda Christopher

Carl J. Landicino

Susan Quirk, JJ.

Helma J. Hermans, Islip, NY, for appellant.

Picarello & Saciolo, PLLC, Islandia, NY (Nicholas E. Arazoza of counsel), for respondent.

Ronna L. DeLoe, Larchmont, NY, attorney for the children.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated March 29, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was to modify an order of the same court dated May 25, 2022, so as to permit the mother to relocate with the parties' children to Florida, and directed that the father's parental access schedule be determined as "mutually agree[d]" by the parties.

ORDERED that the order dated March 29, 2024, is affirmed insofar as appealed from, without costs or disbursements.

The parties, who were never married to each other, are the parents of two children. Pursuant to a stipulation entered in October 2018 (hereinafter the 2018 stipulation), the mother was awarded residential custody of the children. The parties modified the 2018 stipulation in August 2019, so as to, inter alia, give the mother final decision-making authority with respect to the children's medical and educational needs. In an order dated May 25, 2022, entered on the parties' consent, the Family Court, among other things, continued joint legal custody of the children with residential custody to the mother. In November 2022, the mother petitioned, inter alia, to modify that order so as to permit her to relocate with the children to Florida. In an order dated March 29, 2024, the court, after a hearing, among other things, granted that branch of the mother's petition. The father appeals.

A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (see Matter of Weekes v Martin-Weekes, 242 AD3d 761, 762; Quinn v Quinn, 134 AD3d 688, 689). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d 727, 740; see Matter of Mackey v Reaves, ___ AD3d ___, ___, 2026 NY Slip Op 00777, *2). Among the relevant factors are "each parent's reasons for seeking or opposing [*2]the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d at 740-741). "'While not necessarily determinative, the child's expressed preference is some indication of what is in his or her best interests, and, in weighing that factor, a court must consider the age and maturity of the child'" (Weekes v Martin-Weekes, 242 AD3d at 762-763, quoting Matter of Fortune v Jasmin, 232 AD3d 601, 603). "Inasmuch as [t]he weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved, the court's determinations are entitled to deference and its decision will be upheld if supported by a sound and substantial basis in the record" (Morelli v Morelli, 235 AD3d 636, 637 [citation and internal quotation marks omitted]).

Here, the Family Court's determination that the best interests of the children would be served by permitting the mother to relocate with the children to Florida has a sound and substantial basis in the record, and, under the circumstances of this case, we see no basis to disturb the court's determination.

The parties' remaining contentions are without merit.

DUFFY, J.P., CHRISTOPHER, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court